UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

IN THE MATTER OF THE:

COMPLAINT OF RINGMASTER CHARTERS,
as Owner of M/V RINGMASTER, Official
Number 588736, Hull Identification number
HATAL4571177,

    Petitioner.
_____/

### VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The Petitioner, RINGMASTER CHARTERS, as Owner of the vessel M/V RINGMASTER, Official Number 588736, Hull Identification number HATAL4571177, by and through undersigned counsel and pursuant to the provisions of 46 U.S.C. § 30501, et seq. and Supplemental Rule F and Local Admiralty Rule F, petitions this Court for exoneration from or, in the alternative, for limitation of liability to the value of the interest of the Petitioner in said vessel for all claims arising out of any alleged incident, event, or circumstance involving said vessel that occurred on December 26, 2020, in the navigable waters of the Atlantic Ocean, near Hillsboro Inlet, Broward County, Florida, and as grounds therefor states as follows:

1. This action arises within the admiralty and maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h), as more fully appears below and is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq. and Supplemental Rule F of the Federal Rules of Civil Procedure.

2. Subject matter jurisdiction over this matter arises under 28 U.C. § 1333.

3.	The acts, events and circumstances giving rise to this action all occurred on the navigable waters of the United States during traditional maritime activity.

4.	The Petitioner seeks to claim and invoke rights, privileges, remedies and procedures of the Shipowner's Limitation of Liability Act, Title 46 U.S.C. § 30501, et seq.

5.	At all times material hereto, the Petitioner RINGMASTER CHARTERS was the sole owner of the motor vessel M/V RINGMASTER, Official Number 588736, Hull Identification number HATAL4571177. The vessel, a 1977 built, 54 foot long, fiberglass hulled, convertible motor yacht, built by Hatteras, was located in the State of Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

6.	At all times material prior to the described events of December 26, 2020, the Petitioner exercised due diligence to make the vessel seaworthy in all respects and to properly crew, equip and supply the vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good order and condition and suitable for their intended operation.

7.	On December 26, 2020, the vessel was, in all respects, seaworthy and properly crewed, equipped and supplied with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good working order and condition and suitable for their intended operation.

8.	On December 26, 2020, the vessel was operating from Hillsboro Inlet Broward County, and involved in transporting passengers and charter sport fishing. During charter sport fishing activities, passenger Sara Azzi, a minor, fell from a ladder into the vessel's fishing deck and sustained injury.

9.	On December 26, 2020 passenger Sara Azzi was legally and permissibly aboard the

vessel, and was accompanied by other passengers, including her father.

10. The circumstances causing Sara Azzi's fall and any consequent or subsequent claim, loss, damage or injury to property or persons resulting therefrom were not caused or contributed to by any fault, neglect or want of care on the part of the Petitioner, or anyone for whom the Petitioner may be legally responsible.

11. There was no negligence on the part of the Petitioner, or anyone for whom the Petitioner may be legally responsible, that caused or contributed in any way to any alleged injury, loss or damage sustained by any person aboard the vessel, to Sara Azzi, or to any other potential claimant.

12. Any alleged loss, damage and injuries described above were done, occasioned and/or incurred, entirely without fault on the part of the Petitioner or anyone for whom the Petitioner may be legally responsible, and therefore Petitioner is entitled to exoneration of any and all liability arising therefrom.

13. Any alleged loss, damage and/or injuries described above were done, occasioned and incurred without the privity or knowledge of Petitioner within the meaning of 46 U.S. § 30505.

14. By reason of the aforesaid, and in the alternative without admitting liability, if any liability should be adjudged and imposed upon Petitioner, then said Petitioner is entitled to limitation of or exoneration from said liability pursuant to § 30505, et seq. of title 46 U.S.C.

15. Petitioner avers the post-casualty value of the M/V RINGMASTER and its interests therein are $135,000.00, and that there is no pending freight, as to be set forth fully in Petitioner's Ad Interim Stipulation for Value and supporting Affidavit of Value.

16. Pursuant to the provisions of Supplemental Rule F, this action is being timely filed by Petitioner within six months of the first written notice of claim.

17.     Petitioner, upon filing its Ad Interim Stipulation for Value and supporting Affidavit/Appraisal of Value, will deposit in the Registry of the Court for the benefit of Claimants a sum equal to the amount or value of the Petitioner's interest in the vessel or other approved security, plus security for costs and interest at the rate of 6% within the meaning of 46 U.S.C. § 30501(a) based on Petitioner's appraisal of the vessel.

18.     Pursuant to Supplemental Rule F, Petitioner alleges that it is entitled to exoneration from liability for any and all claims arising from the above-described incident.  Alternatively, pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner is entitled to limitation of liability to the amount of value of the interest of the Petitioner in the vessel following the December 26, 2020 incident, as the incident occurred without privity or knowledge of the Petitioner within the meaning of 46 U.S.C. § 30505.

19.     Pursuant to the provisions of Supplemental Rules F(3) and F(4), Petitioner will forthwith move this Court to issue an injunction to enjoin the further prosecution of any legal actions or proceedings against the Petitioner or the Petitioner's property with respect to any claims subject to limitation in this action and to issue a monition and admonish all persons and/or entities asserting claims with respect to this cause to file the respected claims and answers in accordance with any and all Orders issued by the Court.

20.     The subject vessel has not been arrested or attached to answer for any claim in any District. The subject vessel is currently located at Hillsboro Inlet Marina, Broward County, Florida which is within the territorial limits of the United States District Court for the Southern District of Florida.  Accordingly, venue is proper in this District pursuant to Supplemental Rule F (9).

WHEREFORE, the Petitioner, RINGMASTER CHARTERS, as Owner of M/V RINGMASTER, Official Number 588736, Hull Identification number HATAL4571177,

respectfully moves the Court for entry of judgment exonerating Petitioner from any liability in connection with the above-described incident and/or claimant's damages, or in the alternative to limit Petitioner's liability to the value of the interest of Petitioner in said vessel in accordance with 46 U.S.C. § 3050, et seq.

Dated:  May 26, 2021.

Respectfully submitted,

/s/ *Brian T. Scarry*

**Brian T. Scarry**
Florida Bar No. 914230
**bscarry@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Petitioner, RINGMASTERS CHARTERS.***

CASE NO.:
PAGE 6

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on April 9, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Brian T. Scarry*
**Brian T. Scarry**
Florida Bar No. 914230
**bscarry@admiral-law.com**

/1150032/262

CASE NO.:
PAGE 7

## SERVICE LIST

**Brian T. Scarry**
Florida Bar No. 914230
**bscarry@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Petitioner*